**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE MANUEL LOPEZ-RUBIO,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 10-73325<br><br>Agency No. A099-663-684<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 8, 2012[**]

Before:    ALARCÓN, BERZON, and IKUTA, Circuit Judges.

Jose Manuel Lopez-Rubio, a native and citizen of El Salvador, petitions pro

se for review of the Board of Immigration Appeals' ("BIA") order summarily

affirming an immigration judge's order denying his motion to reopen removal

proceedings conducted in absentia. We have jurisdiction under 8 U.S.C. § 1252.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

We review for abuse of discretion the agency's denial of a motion to reopen, *Lin v. Holder,* 588 F.3d 981, 984 (9th Cir. 2009), and we deny the petition for review.

The agency did not abuse its discretion in denying Lopez-Rubio's motion to reopen based on lack of notice where the record shows that on February 17, 2006, Lopez-Rubio was personally served with a Notice to Appear prior to his release from detention, containing the time, date, and location of his hearing. *See* 8 U.S.C. §§ 1229(a)(1), 1229a(b)(5).

The agency also did not abuse its discretion in denying Lopez-Rubio's motion to reopen based on changed country conditions, where Lopez-Rubio failed to present evidence of a change in country conditions in El Salvador. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); *Lin*, 588 F.3d at 986.

Contrary to Lopez-Rubio's contention, the BIA's affirmance without opinion of the immigration judge's order does not constitute an abuse of discretion. *See* 8 C.F.R. § 1003.1(e)(4); *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 849-52 (9th Cir. 2003).

**PETITION FOR REVIEW DENIED.**